

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**DANIEL RICHARD BUCZEK,**

     **Plaintiff, Pro Se**

v.

Civil Action No.: **25  CV  715 - MAV**

**CIVIL COMPLAINT**
**(42 U.S.C. § 1983)**
**JURY DEMAND**

**THE TOWN OF HAMBURG;**
**HAMBURG POLICE DEPARTMENT;**
**PETER DIENES, in his individual capacity as**
**Peter Dienes Chief of Police of the Town of Hamburg, in his individual capacity and official capacity as Captain;**
**JEFFREY LAVELLE, in his individual capacity and official capacity as Captain;**
**NICHOLAS UGALE, in his individual capacity and official capacity as Captain;**
**JOHN BAKER, in his individual capacity and official capacity as Captain;**
**DANIEL CRONMILLER, in his individual capacity and official capacity as Lieutenant;**
**JONATHAN CROSS, in his individual capacity and official capacity as Lieutenant;**
**JOSHUA EAGAN, in his individual capacity and official capacity as Lieutenant;**
**JON MONACO, in his individual capacity and official capacity as Lieutenant;**
**ROBERT PAAS, in his individual capacity and official capacity as Lieutenant;**
**SCOTT WEYROUGH, in his individual capacity and official capacity as Lieutenant;**
**JOSEPH LAROSA, in his individual capacity and official capacity as Lieutenant;**
**PATRICK MURPHY, in his individual capacity and official capacity as Lieutenant;**
**MICHAEL LAVELLE, in his individual capacity and official capacity as Officer and Retired Lieutenant;**
**KEVIN T. SULLIVAN, in his individual capacity and official capacity as Officer;**
**NICHOLAS PALMER, in his individual capacity and official capacity as Officer;**
**BRET MCCABE, in his individual capacity and official capacity as Officer;**
**NEDIM CATOVAC, in his individual capacity and official capacity as Officer;**
**MICHAEL LAVELLE, in his individual capacity and official capacity as Officer;**
**BRIGID LAVELLE, in his individual capacity and official capacity as Court Clerk;**
**HEATHER GOULD, in his individual capacity and official capacity as Court Clerk;**
**DANIEL N. CELANI, in his individual capacity and official capacity ADA;**
**LAUREN L. WARDINSKI, in his individual capacity and official capacity  as ADA;**
**NATASHA GERI GREENAN, in his individual capacity and official capacity as ADA;**
**MARK J. SCHROEDER, in his individual capacity and official capacity as NYS DMV Commissioner; and JOHN DOES 1–10,**

     **Defendants,**

**COMES NOW** the Plaintiff, Daniel Richard Buczek, appearing pro se, and

respectfully files the following **CIVIL COMPLAINT** pursuant to (**42 U.S.C. § 1983**).

## PRELIMINARY STATEMENT

This is a comprehensive civil rights action brought under **42 U.S.C. § 1983** to remedy

egregious, sustained, and systemic violations of Plaintiff's constitutional rights by numerous

state actors under color of law. The Defendants named herein, including law enforcement

officials, administrative clerks, assistant district attorneys, DMV officials, and others, engaged in

a coordinated and unlawful series of actions that led to the malicious prosecution, prolonged

unlawful detention, denial of due process, fabrication of evidence, withholding of discovery,

abuse of judicial process, and violations of the Plaintiff's rights under the Fourth, Fifth, Sixth,

and Fourteenth Amendments. The charges were dismissed on **August 8, 2024,** for lack of merit,

denial of due process and violations of the speedy trial rights of the Plaintiff pursuant to his

subsequent Motion to Dismiss on these very exact grounds, thereby satisfying the favorable

termination requirement. **Malicious prosecution** claims under the **Fourth Amendment** involve

allegations of lack of **probable cause, fabrication of evidence,** and **favorable termination** of

criminal proceedings.

Plaintiff seeks $10,000,000 in damages and all other just relief.

## TIMELINESS UNDER

A § 1983 **malicious prosecution** claim **accrued** when the **underlying criminal**

**proceeding terminates in the plaintiff's favor** — *not* at the time of arrest or prosecution. SEE:

***McDonough v. Smith***, 139 S. Ct. 2149 (2019): The Court held that a **§1983** claim for malicious

2

prosecution does not accrue until the criminal case has ended in the defendant's favor. In Rodriguez v. City of New York, 623 F. Supp. 3d 225, the U.S. District Court for the Southern District of New York held that a plaintiff sufficiently alleged a malicious prosecution claim under 42USCS § 1983 by asserting that a parole revocation proceeding was initiated without probable cause. The court emphasized that probable cause must be determined based on the totality of the circumstances and that knowingly using false evidence or fabricating evidence undermines probable cause Rodriguez v. City of New York, 623 F. Supp. 3d 225.

In **Thomas v. City of Troy**, 293 F. Supp. 3d 282, the U.S. District Court for the Northern District of New York found that a malicious prosecution claims survived dismissal where the plaintiff alleged that a medical examiner's false autopsy report initiated or continued a criminal proceeding without probable cause. The court noted that a grand jury indictment creates a presumption of probable cause, but this presumption can be rebutted by evidence of fraud, perjury, or bad faith Thomas v. City of Troy, 293 F. Supp. 3d 282.

In Ambrose v. City of New York, 623 F. Supp. 2d 454, the U.S. District Court for the Southern District of New York held that allegations of false arrest and malicious prosecution under 42 USCS § 1983 were sufficient where the plaintiff claimed that police officers ignored exculpatory evidence and pressured witnesses to falsely implicate him. The court emphasized that a favorable termination of criminal charges is required to sustain a malicious prosecution claim Ambrose v. City of New York, 623 F. Supp. 2d 454.

In **Smith-Hunter v. Harvey**, 95 N.Y.2d 191, the New York Court of Appeals held that a dismissal under N.Y. Crim. Proc. Law § 30.30 could constitute a favorable termination for a malicious prosecution claim, provided the circumstances surrounding the dismissal were not

inconsistent with the innocence of the accused. The court emphasized that a favorable termination does not require proof of innocence Smith-Hunter v. Harvey, 95 N.Y.2d 191.

In **Cantalino v. Danner**, 96 N.Y.2d 391, the New York Court of Appeals ruled that a dismissal of criminal charges in the interest of justice could qualify as a favorable termination for a malicious prosecution claim, as long as the circumstances were not inconsistent with the accused's innocence. The court rejected the notion that a termination must affirmatively demonstrate innocence **Cantalino v. Danner**, 96 N.Y.2d 391.

Malicious prosecution claims under the Fourth Amendment often involve allegations of lack of probable cause, fabrication of evidence, and favorable termination of criminal proceedings.

**3 years** is the standard limitations period for **§ 1983** claims in New York, as federal courts borrow the state personal injury statute of limitations, which in New York is **3 years (CPLR § 214(5))**.

Therefore, the deadline to file a **§ 1983** claim in the United States District Court for the Western District of New York is 3 years from that favorable termination date, in a U.S. District Court in New York. The favorable termination date was **August 8, 2024**.

Ergo, this action is timely filed under **42 U.S.C. § 1983**, pursuant to NY CPLR § 214(5), and the standards established by the United States Supreme Court in **_McDonough v. Smith._**

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343(a)(3)** as this civil action arises under the Constitution and laws of the United States.

2.      Venue is proper under **28 U.S.C. § 1391(b)** because the events occurred in Erie County,

within the Western District of New York.

## PARTIES

3.      Plaintiff Daniel Richard Buczek is a United States citizen residing in Derby, New York.

4.      Defendant TOWN OF HAMBURG is a municipality liable under ***Monell v. Dep't of Social Servs***., 436 U.S. 658 (1978), for maintaining policies that violated Plaintiff's rights.

5.      Defendant HAMBURG POLICE DEPARTMENT is a municipal agency responsible for employing and supervising all named police officers.

6.      Defendant PETER DIENES is Chief of Police, Town of Hamburg.

7.      Defendants TODD EHRET, JEFFREY LAVELLE, NICHOLAS UGALE, and JOHN BAKER are Captains in the Hamburg Police Department.

8.      Defendants DANIEL CRONMILLER, JONATHAN CROSS, JOSHUA EAGAN, JON MONACO, ROBERT PAAS, SCOTT WEYROUGH, JOSEPH LAROSA, and PATRICK MURPHY are Lieutenants.

9.      Defendant MICHAEL LAVELLE was a Lieutenant and participant in misconduct, now retired.

10.     Officers KEVIN T. SULLIVAN, NICHOLAS PALMER, BRET MCCABE, NEDIM CATOVAC, and MICHAEL LAVELLE were directly involved in the Plaintiff's unlawful arrest and prosecution.

11.     BRIGID LAVELLE and HEATHER GOULD were clerks of Hamburg Court.

12.     ADA DANIEL N. CELANI, LAUREN L. WARDINSKI, and NATASHA GERI GREENAN prosecuted Plaintiff.

13.     MARK J. SCHROEDER is the NYS DMV Commissioner responsible for administrative proceedings against Plaintiff.

14.    JOHN DOES 1–10 are unidentified officials.

## FACTUAL ALLEGATIONS

15.    On **September 27, 2019**, Plaintiff was unlawfully arrested by Officer **Kevin T. Sullivan without probable cause** and **without any evidence of intoxication**, violating the Fourth Amendment.

16.    Officer Nicholas Palmer, Officer Bret McCabe, Officer Nedim Catovac, and Officer Michael Lavelle assisted in the arrest.

17.    No breathalyzer test or credible sobriety documentation was provided to substantiate charges.

18.    Plaintiff was arraigned on **October 3, 2019**, and pleaded not guilty. No discovery was provided despite demands, in violation of ***Brady v. Maryland***, 373 U.S. 83; 83 S. Ct. 1194; 10 L. Ed. 2d 215 (1963)

19.    ADA **Daniel Celani** submitted knowingly false affidavits claiming Plaintiff failed to appear, despite the court's own failure to notify Plaintiff.

20.    Clerk Brigid LaVelle repeatedly sent correspondence to the wrong address and acted with hostility and bias.

21.    A bench warrant was issued based on false information, violating due process rights.

22.    The prosecution lasted 52 months, far exceeding **CPL § 30.30** requirements and Sixth Amendment protections.

23.    The charges were dismissed on **August 8, 2024**, for lack of merit, satisfying the favorable

termination requirement.

## CLAIMS FOR RELIEF

### COUNT I – MALICIOUS PROSECUTION (42 U.S.C. § 1983 – Fourth Amendment)[1]

24.    Defendants initiated and continued prosecution without probable cause.

25.    Plaintiff suffered deprivation of liberty, emotional and reputational harm.

26.    The prosecution terminated in Plaintiff's favor. See ***Thompson v. Clark***, 596 U.S. 36,142

S. Ct. 1332, 212 L. Ed. 2d 382 (2022). The Plaintiff realleges paragraphs 1 through 26, as if fully

set forth above.

### COUNT II – VIOLATION OF DUE PROCESS (Fifth and Fourteenth Amendments)[2]

27.    Defendants failed to provide proper notice of hearings and withheld discovery.

28.    Clerks and ADAs submitted false records and obstructed fair trial rights.

---

[1] *Defendants initiated a criminal prosecution against Plaintiff without probable cause, and the proceedings terminated in Plaintiff's favor on August 8, 2024. Plaintiff was arrested, prosecuted, and compelled to appear in court for over four years without any valid basis, in violation of his rights under the Fourth Amendment. This claim is brought under **42 U.S.C. § 1983** and supported by the following authority:*
• ***Thompson v. Clark***, *596 U.S. ___, 142 S. Ct. 1332, 212 L. Ed. 2d 382 (2022) (holding that favorable termination of a criminal proceeding is sufficient to support a claim for malicious prosecution under § 1983).; and,*
• ***Manuel v. City of Joliet, Ill.***, *580 U.S. 357, 137 S. Ct. 911, 197 L. Ed. 2d 312 (2017) (holding that unlawful pretrial detention unsupported by probable cause violates the Fourth Amendment).*
[2] *Defendants deprived Plaintiff of due process by: (a) withholding exculpatory evidence, (b) submitting false affidavits, and (c) failing to provide notice of court dates, resulting in unconstitutional bench warrants, legal support includes:*
• ***Brady v. Maryland***, *373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) (holding that suppression of exculpatory evidence violates due process).*
• ***Napue v. Illinois***, *360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959) (prosecutorial use of false testimony violates the Due Process Clause).*
• ***Mullane v. Cent. Hanover Bank & Trust Co.***, *339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (requiring notice reasonably calculated to inform parties of proceedings).*

29.    The misconduct violated procedural and substantive due process. The Plaintiff realleges paragraphs 1 through 29, as if fully set forth above.

## COUNT III – VIOLATION OF RIGHT TO SPEEDY TRIAL (Sixth Amendment)[3]

30.    Plaintiff's trial was delayed over four years without valid cause.

31.    This delay caused mental anguish and reputational injury. The Plaintiff realleges paragraphs 1 through 31, as if fully set forth above.

## COUNT IV – MUNICIPAL LIABILITY (Monell)[4]

32.    The Town of Hamburg and its Police Department failed to train and supervise employees.

33.    Municipal policies tolerated perjury, false arrest, and due process violations. The Plaintiff realleges   paragraphs 1 through 33, as if fully set forth above.

## COUNT V – CONSPIRACY TO VIOLATE CIVIL RIGHTS[5]

---

[3] *Defendants delayed Plaintiff's trial for more than 52 months, in violation of statutory and constitutional requirements.*
*Legal authority includes:*
*• Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) (setting forth four-factor balancing test for speedy trial violations).*
*• Doggett v. United States, 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992) (delay of over eight years violated Sixth Amendment).*
*• People v. Wiggins, 31 N.Y.3d 1, 96 N.E.3d 1192, 73 N.Y.S.3d 94 (2018) (strict enforcement of CPL § 30.30 speedy trial rights in NY).*

[4] *The Town of Hamburg and Hamburg Police Department developed and maintained customs, policies, and practices exhibiting deliberate indifference to individuals' constitutional rights. These included failure to train officers and clerks, tolerate misconduct, and allow extended malicious prosecutions without oversight. Supporting case law:*
*• Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).*
*• City of Canton v. Harris, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) (failure to train employees may constitute deliberate indifference).*
*• Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) (municipal liability requires pattern or obvious need for training).*

[5] *Defendants conspired, agreed, and acted in concert to violate Plaintiff's civil rights through manipulation of criminal and administrative processes, including arrest, fabricated affidavits, and suppression of evidence.*

34.     Defendants conspired to deprive Plaintiff of constitutional rights through fabricated

evidence, false affidavits, and manipulation of court procedures.

35.     The conspiracy violated **42 U.S.C. § 1985 and § 1983**. The Plaintiff realleges

paragraphs 1 through 35, as if fully set forth above.


## COUNT VI – ABUSE OF PROCESS[6]

36.     Defendants used legal processes, including arrest, warrants, and arraignment, for

improper purposes.

37.     The abuse caused injury and prolonged litigation unsupported by facts. The Plaintiff

realleges paragraphs 1 through 37, as if fully set forth above.


## DAMAGES

38.     Plaintiff seeks the following relief:

   a. Compensatory, injury and negligence damages: $5,000,000

   b. Punitive damages: $5,000,000

   c. Declaratory judgment confirming violations of constitutional rights

---

*Legal authority:*

• ***Adickes v. S.H. Kress & Co.***, *398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) (joint action between state actors to deprive civil rights actionable under § 1985).*

• ***Haddle v. Garrison***, *525 U.S. 121, 119 S. Ct. 489, 142 L. Ed. 2d 502 (1998) (§ 1985 protects against conspiracies that injure a party in their person or property).*

[6] *Defendants used legal process—including criminal charges, warrants, and prosecution—for purposes other than those for which the process was designed. This was done to harass, intimidate, and deprive Plaintiff of his liberty without cause.*
*Authority includes:*

• ***Cook v. Sheldon***, *41 F.3d 73 (2d Cir. 1994) (abuse of process is use of legal process to achieve a collateral objective).*

• ***Savino v. City of New York***, *331 F.3d 63 (2d Cir. 2003) (malicious motivation behind legal actions constitutes abuse).*

d. Attorney's fees and costs under **42 U.S.C. § 1988**

e. All further relief the Court deems proper

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth above.

## **Demand for Jury Trial**

Pursuant to **Rule 38 of the Federal Rules of Civil Procedure**, Plaintiff hereby demands a trial by jury on all issues triable of right by a jury, including but not limited to Plaintiff's claims brought under **42 U.S.C. § 1983.**

Respectfully submitted, I, Daniel Richard Buczek, affirm under penalty of perjury that the facts stated in this Verified Complaint are true and correct to the best of my knowledge and belief.

Date: July 30th , 2025                          By: _Daniel R Buczek_
                                                    Daniel Richard Buczek
                                                    P.O. Box 73
                                                    North Evans, New York 14112
                                                    Tel: (716) 870-0453